**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 15, 2013

Lyle W. Cayce
Clerk

No. 12-30318
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

BRIAN SCOTT SPURLIN,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-CR-197-1

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brian Scott Spurlin appeals the cumulative sentence of 72 months of imprisonment imposed on his convictions for concealing bankruptcy estate assets and for bankruptcy fraud. *See* 18 U.S.C. §§ 152(1), 157(1). We affirm.

After grouping the indictment's counts because they involved substantially the same harm, the district court calculated a guidelines sentencing range of 63 to 78 months. The district court imposed a 60-month prison term, which was the statutory maximum, on the conviction for concealing bankruptcy estate assets

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and a consecutive 12-month term on the conviction for bankruptcy fraud. *See* U.S. SENTENCING GUIDELINES MANUAL § 5G1.2 cmt. n.1 (2009); *see also United States v. Williams*, 602 F.3d 313, 319 (5th Cir. 2010).

Spurlin contends that the Guideline for fraud offenses, § 2B1.1, caused him to have a sentencing range that fails to comply with the sentencing requirements of 18 U.S.C. § §3553(a). He maintains that the applicable Guideline overstates the severity of fraud offenses and that he has thus been punished disproportionately. In Spurlin's view, the Guideline for fraud offenses equates the conduct of a first-time, non-violent fraud offender such as Spurlin with the conduct of violent offenders such as kidnappers and arsonists. Spurlin contends additionally that the fraud guideline lacks an empirical basis and that the district court should therefore have used its discretion to impose a non-guidelines sentence.

We employ the plain error standard because Spurlin did not present to the district court the arguments he makes on appeal. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Because Spurlin has not shown any error, much less error that is clear or obvious, we do not disturb the sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

This court rejects the notion that a Guideline is unreasonable unless it is based on empirical data. *See United States v. Miller*, 665 F.3d 114, 120-21 (5th Cir. 2011). Moreover, the district court correctly determined Spurlin's total punishment for the multiple-count conviction under § 5G1.2(d). The district court was aware of Spurlin's personal characteristics and took them into consideration by adopting the PSR. The reasons recited by the district court for its cumulative sentence comport with the factors set forth in 18 U.S.C. § 3553(a), and Spurlin offers no persuasive basis for questioning the district court's evaluation of those factors. *See Rita v. United States*, 551 U.S. 338, 351 (2007).

AFFIRMED.